A.2d 426 (1997). We noted that in conducting our proportionality review,

> we examine not only the compiled data from the AOPC, but we also have at our disposal the verdict sheets and the review forms submitted by the President Judges. This allows us to conduct a thorough review of cases similar to the one in question and provides additional screening for any anomalies that may be present in the AOPC database. We have carefully reviewed these procedures and find nothing arbitrary or capricious in this scheme. Instead, we believe that our proportionality review comports with the General Assembly's desire to afford capital defendants an additional check against the arbitrary imposition of the death penalty.

*Id.* at 441. As Appellant presents no reason for us to abandon our holding in *Gribble,* we find no basis on which to find that counsel was ineffective for failing to raise this claim.

Finally, Appellant claims that the cumulative effect of the errors made his trial fundamentally unfair. We disagree. We have determined that none of Appellant's claims entitles him to relief and it is axiomatic that "no quantity of meritless issues can aggregate to form a denial of due process." *Commonwealth v. Travaglia,* 541 Pa. 108, 661 A.2d 352, 367 (1995).

For the foregoing reasons, we affirm the order of the PCRA court.[20]

---

**In re APPOINTMENT OF Deputy Constable Rock D'EMILIO, West Pottsgrove Township.**

**Appeal of Constable Larry Poncheri.**

Supreme Court of Pennsylvania.

Sept. 29, 1999.

### *ORDER*

PER CURIAM:

AND NOW, this 29th day of September, 1999, the order of the Court of Common Pleas of Montgomery County is affirmed.